OPINION
Defendant-appellant James A. Kelly appeals from the trial court's order denying his motion "for enlargement on probation." Kelly contends that the trial court failed to consider an alleged breach, by the State, of a negotiated plea agreement, and that the trial court failed to consider the fact that the Ohio Adult Parole Authority has deemed him to have committed greater offenses than those to which he pled guilty, for purposes of deciding whether to admit him to parole.
We conclude that Kelly's motion "for enlargement on probation" constitutes, in effect, a motion for shock probation. Accordingly, the trial court's denial of that motion is not reviewable on appeal. State v. Coffman (2001), 91 Ohio St.3d 125. With respect to Kelly's argument that the Ohio Adult Parole Authority is improperly deeming him to have committed greater offenses than those to which he pled guilty, we conclude that this claim is not cognizable in Kelly's original criminal prosecution.
Accordingly, the judgment of the trial court is Affirmed.
 I
In 1989, Kelly was charged, by indictment, with one count of Kidnaping and three counts of Rape, all with specifications of prior offenses of violence. Pursuant to a plea bargain, Kelly pled guilty to one count of Rape, and the remaining counts and all specifications were dismissed. Ten years later, on September 15, 1999, Kelly filed an "Application for Enlargement on Probation," which purported to be filed pursuant to R.C. 2951.01.1(A). In that motion, Kelly sought "enlargement on probation," or, in the alternative, a modification of his sentence, or "enlargement to either an `in-patient treatment facilities' or `half-way house facility.'"
The trial court overruled Kelly's motion. From the denial of his motion, Kelly appeals.
 II
Kelly's First Assignment of Error is as follows:
 THE COURT OF COMMON PLEAS IMPROPERLY OVERRULED APPELLANTS APPLICATION FOR ENLARGEMENT ON PROBATION BY FAILING TO REVIEW AND CONSIDER THE NEGOTIATED PLEA AGREEMENT WHICH HAD BEEN BREACHED BY THE STATE OF OHIO.
 A. THE COURT OF COMMON PLEAS HAS THE BROAD DISCRETION TO BRANT [SIC] PROBATION PURSUANT R.C. 2951.01.1.
R.C. 2951.011(A), upon which Kelly relies, merely makes R.C. Chapter 2951, dealing with probation, applicable to persons sentenced before July 1, 1996. It does not, itself, confer upon a trial court the power to release a prisoner on probation. Furthermore, we are unaware of any authority to modify a sentence, which Kelly sought in the alternative, other than as incident to a petition for post-conviction relief, pursuant to R.C. 2953.21, which Kelly has made no attempt to invoke. As the State notes, a prisoner, like Kelly, who is sentenced before July 1, 1996, may apply to the trial court for shock probation, pursuant to former R.C.2947.061. Presumably, that is the basis upon which Kelly was attempting to be granted probation by the trial court. As far as we can determine, it would be the only basis upon which the trial court could place Kelly on probation. The type of probation for which Kelly would have been eligible is the so-called "super shock" probation provided for in former R.C. 2947.061(B), rather than the shock probation provided for in division (A), which must be sought not later than 60 days after the defendant is delivered into the custody of the keeper of the institution where he is to begin serving his sentence.
The Ohio Supreme Court has recently held that a trial court's denial of a motion for shock probation pursuant to former R.C. 2947.061(B) is not reviewable on appeal. State v. Coffman (2001), 91 Ohio St.3d 125. Thus, we are without jurisdiction to review the propriety of the trial court's denial of Kelly's motion.
Kelly's First Assignment of Error is overruled.
 III
Kelly's Second Assignment of Error is as follows:
 THE TRIAL COURT FAILED TO CONSIDER DEFENDANT'S FACTUAL ALLEGATIONS OF BEING SUBJECTED TO EX POST FACTO LAW BY THE STATE OF OHIO IN THE PERSON OF THE OHIO ADULT PAROLE BOARD/AUTHORITY WHO ENHANCED THE QUANTUM AMOUNT OF PUNISHMENT ORDERED TO DEFENDANT WHICH WAS A MANIFEST MISCARRIAGE OF JUSTICE.
For the reasons set forth in Part II, above, based upon the authority of State v. Coffman, supra, we are without jurisdiction to review the propriety of the trial court's denial of Kelly's application for enlargement on probation. Furthermore, in this assignment of error, Kelly is arguing that the Ohio Adult Parole Authority has improperly deemed him to have committed the offenses with which he was originally charged, rather than the offense to which he pled guilty, for purposes of considering whether to parole him. That claim is not cognizable in a proceeding in the prisoner's original criminal cause of action. To the contrary, it is cognizable in an action against the Ohio Adult Parole Authority and the Montgomery County Prosecutor. See, State v. Young (August 18, 2000), Greene App. No. 2000-CA-26, unreported; and Randolph v. Ohio Adult Parole Authority (January 21, 2000), Miami App. No. 99-CA-17, unreported.
Kelly's Second Assignment of Error is overruled.
 IV
Both of Kelly's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 _________________ FAIN, J.
BROGAN and GRADY, JJ., concur.